IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

PHILLIP R.,

                Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

Case No. 1:24-cv-01850-HL

**OPINION AND ORDER**

_____

HALLMAN, United States Magistrate Judge

     Phillip R. challenges the Commissioner's denial of his supplemental security income and disability insurance benefits applications, arguing the Administrative Law Judge erred in finding his impairments did not meet or equal listings 12.05A or 12.05B and in analyzing his subjective symptom testimony. This Court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738

PAGE 1 – OPINION AND ORDER

(9th Cir. 2023) (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is reversed, and this case is remanded for further proceedings.

**(1)** *Step III Listings.* At step three, the Commissioner determines whether plaintiff's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. The ALJ must evaluate the relevant evidence before finding that a claimant's impairments do not meet or equal a Listing; boilerplate findings are "insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). When evaluating if plaintiff's impairments meet one of the listed impairments, the ALJ must also consider "whether the combination of [] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a); *see Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995, *as amended* Apr. 9, 1996), superseded on other grounds by regulation, 82 Fed. Reg. 5844, 5852 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416) ("The Commissioner erred as a matter of law in isolating the effects of Lester's physical impairment from the effects of his mental impairment. Instead, she should have considered the combined effect of the claimant's physical and mental impairments in determining whether the functional criteria listed in paragraph B were satisfied.").

Plaintiff argues the ALJ erred in finding plaintiff's impairments did not meet or equal listing 12.05A or 12.05B. Pl. Br., ECF 22 at 12-14, Pl. Reply., ECF 32 at 6-8. Plaintiff also

PAGE 2 – OPINION AND ORDER

argues the ALJ erred by not considering the combined effects of his impairments when she found that his impairments did not meet or equal listings 12.05A or 12.05B. Pl. Br. at 14; Pl. Reply at 6-9.

Here, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. Tr. 21. The ALJ explained her decision as to listings 1.15, 1.16, 12.04, 12.06, and 12.15. Tr. 21-23. Although the ALJ "examined all of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1," she did not specifically consider either the 12.05A or 12.05B listings in her decision. Tr. 21, *see* tr. 21-23.

In his briefing, the Commissioner explains why plaintiff does not equal or meet listings 12.05A or 12.05B. Def. Br. ECF 28, at 3-6; *see* tr. 21-23. But that analysis is not included in the ALJ's opinion, and Courts "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on grounds upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). "A clear statement of the agency's reasoning is necessary because [Courts] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." *Brown-Hunter*, 806 F.3d at 492 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Thus, regardless of what the Commissioner argues on review, the Court may not affirm the non-disability determination for reasons not invoked in the ALJ decision.

Here, the ALJ did not explain how she considered the combined effects of plaintiff's impairments on his functional capacity or why plaintiff's impairments did not meet listings 12.05A or 12.05B. *See* tr. 21-23; *see also Lester*, 81 F.3d at 830. The ALJ's boilerplate

PAGE 3 – OPINION AND ORDER

conclusion that Plaintiff did not meet or equal one of the listings was insufficient. *Lewis*, 236 F.3d at 512. Accordingly, the ALJ erred in finding that plaintiff's impairments did not meet or equal listings 12.05A or 12.05B.[1]

**(2)    *Remedy.*** The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1176-78 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1090-1100 (9th Cir. 2014). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence improperly rejected by the ALJ to determine whether a claimant is disabled. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011); *see also Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (summarizing the standard for determining the proper remedy).

As discussed herein, the ALJ committed harmful error by failing to support with substantial evidence her finding that plaintiff's impairments did not meet or equal Listing 12.05A or 12.05B. As such, further proceedings are required to resolve this case. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful"); *see also Treichler*, 775 F.3d at 1099

---

[1] Because a finding of plaintiff's impairments or combination of impairments meeting or equaling the 12.05A or 12.05B listings would require a finding of disability for plaintiff and end the sequential disability process at step three, this opinion does not address plaintiff's arguments related to the ALJ's discounting of plaintiff's symptom testimony.

PAGE 4 – OPINION AND ORDER

(except in "rare circumstances," the proper remedy upon a finding of harmful error is to remand for further administrative proceedings).

Upon remand, the ALJ must consider the combined effects of plaintiff's impairments when reevaluating whether he meets or equals listings 12.05A or 12.05B or any other listing. If the ALJ finds plaintiff's impairments, either alone or in combination, do not meet or equal one of the listings, the ALJ must reevaluate plaintiff's testimony, reweigh the medical and other evidence of record, reformulate plaintiff's RFC, and obtain additional VE testimony.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES and REMANDS for further proceedings.

IT IS SO ORDERED.

DATED this 24th day of June, 2026.

ANDREW HALLMAN
United States Magistrate Judge

PAGE 5 – OPINION AND ORDER